## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SABRINA WHITE | * | CIVIL ACTION NO: 21-634 |
|    **Plaintiff** | * | |
| | * | |
| V. | * | |
| | * | JUDGE: |
| | * | |
| LINCOLN LIFE ASSURANCE | * | |
| COMPANY OF BOSTON & THE | * | |
| LINCOLN NATIONAL LIFE INSURANCE | * | |
| COMPANY | * | MAG.: |
|    **Defendants** | * | |

## COMPLAINT

1.      Plaintiff, Sabrina White ("White") or ("Plaintiff"), brings this action against Defendants, Lincoln Life Assurance Company of Boston and The Lincoln National Life Insurance Company, referred to collectively as ("Lincoln") or ("Defendants"), for benefits payable under a long-term disability plan ("Plan") sponsored by White's former employer, Wal-Mart, Inc.

2.      Lincoln reviewed claims for benefits under the Plan.

3.      This Complaint challenges the Defendants': 1) unreasonable and unlawful termination of long-term disability income benefits despite the substantial medical evidence demonstrating White's qualifications for said benefits; 2) a pattern of rejecting and/or ignoring the substantial evidence supporting White's eligibility for benefits despite ample evidence of severe low back pain, bilateral knee osteoarthritis, foot pain, and bilateral hand numbness due to carpal tunnel; 3) failure to provide White with a full and fair review of her claim; and 4) failure to provide a reasonable claims procedure that would yield a decision on the merits of White's claim.

4.      White is filing this action to recover benefits due under the Plan, to enforce the present

rights existing therein, to clarify her rights under the terms of the Plan, and to recover costs, attorneys' fees, and pre- and post- suit interest as provided by the Employee Retirement Income Security Act of 1974 ("ERISA").

5.      This Court has personal jurisdiction over the Defendants and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f), without regard to jurisdictional amount or diversity of citizenship. Venue is proper in this Court in that the Plan was administered in this district and the Defendants' breach of its ERISA obligations took place in this district.

6.      White is domiciled in East Baton Rouge Parish, Louisiana. She has standing to bring this action under 29 U.S.C. § 1132(a).

7.      White suffers from severe low back pain, bilateral knee osteoarthritis, foot pain, and bilateral hand numbness due to carpal tunnel.

8.      White was paid long-term disability benefits for two years. After two years of benefits, Defendants terminated benefits, arguing the definition of the disability had changed under the policy and White was required to show she could no longer perform any gainful occupation.

9.      Lincoln failed to consider whether White could reasonably be expected to work 40-hour weeks with her health conditions, which would be necessary to participate in a "gainful occupation" as defined by the Lincoln policy. Lincoln also refused to consider the combined effects of Ms. White's conditions on her ability to do work.

10.     White has exhausted her administrative remedies pursuant to 29 C.F.R. 2560.503.

11.     Defendants failed to provide White with a full and fair review of her claim for benefits.

12.     Any discretion to which Defendants may claim it is entitled under the Plan is negated by their failure to provide the Plaintiff with an explanation as to their adverse action and a full and

fair review of her claim for benefits.

13.     The Defendants were motivated by their financial conflict of interest when they denied White's benefits.

14.     The decision to deny White's benefits was wrongful, unreasonable, and irrational, contrary to the substantial evidence, contrary to the plain contractual terms of the Plan, and contrary to law.

15.     Due to the unlawful denial/termination of benefits under ERISA, Plaintiff has lost her rightful long-term disability benefits.

16.     Having exhausted the administrative procedures provided by the Defendants, White now brings this action.

## FIRST CAUSE OF ACTION

(Enforcement of Terms of Plan and Action for Unpaid Benefits)

17.     Plaintiff re-alleges each of the paragraphs above as if fully set forth herein.

18.     The Plan is a contract.

19.     White has performed all of her obligations under the contract.

20.         29 U.S.C. § 1132(a)(1)(B) states that: A civil action may be brought -

    a.     by a participant or beneficiary –

    i.     For the relief provided for in subsection (c) of this section, or

    ii.     to recover benefits due to him under the terms of her Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan.

21.     The Defendants' actions constitute an unlawful denial of benefits under ERISA, as

provided in 29 U.S.C. § 1132(a)(1)(B).

22.    Defendants unlawfully denied White's benefits in part by: (1) rejecting the substantial evidence supporting Plaintiff's claim; and (2) denying White a full and fair review of the decision to deny her benefits.

23.    In accordance with 29 U.S.C. §1132, White is entitled to be paid benefits under the Plan based upon her disabled status.

24.    The Defendants have refused to provide White with these disability benefits and are, therefore, in breach of the terms of the Plan and ERISA.

25.    As a direct and proximate result of this breach, White has lost the principal and the use of her rightful long-term disability benefits.

## SECOND CAUSE OF ACTION

(Attorneys' Fees and Costs)

26.    Plaintiff realleges each of the paragraphs above as if fully set forth herein.

27.    Under the standards applicable to ERISA, White deserves to recover "a reasonable attorneys' fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. Section 1132(g).

28.    Defendants have the ability to satisfy the award.

29.    Defendants acted in bad faith in denying Plaintiff's benefits under the Plan.

30.    The award of attorneys' fees against the Defendants will deter the Defendants and similarly- situated ERISA fiduciaries from undertaking the same unfair, limited review as in this case.

## **PRAYER FOR RELIEF**

31.    WHEREFORE, the Plaintiff respectfully prays that the Court:

a.    Declare, adjudge, and decree that Plaintiff is entitled to long-term disability benefits as

calculated under the terms of the Plan for the pendency of disability;

b.    Award Plaintiff the full amount of unpaid benefits under the Plan to which she is entitled,

together with such pre-suit and post-suit interest as may be allowed by law;

c.    Award Plaintiff the costs of this action and reasonable attorneys' fees;

d.    Award such other relief as the Court deems just and reasonable.


Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin, Jr.
DAVID C. PELLEGRIN, T.A. (La. Bar #34957)
3500 North Hullen St.
Suite 17D
Metairie, LA 70002
dpellegrin@pellegrinfirm.com
Phone: (504) 405-3245
Fax: 1-866-651-8738
Attorney for Plaintiff Sabrina White