# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SABRINA WHITE,** | **CIVIL ACTION NO.: 3:21-cv-00634-BAJ-SDJ** |
| **Plaintiff** | **JUDGE BRIAN A. JACKSON** |
| **vs.** | **MAG. JUDGE SCOTT D. JOHNSON** |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON & THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | |
| **Defendants** | |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Lincoln Life Assurance Company of Boston and The Lincoln National Life Insurance Company[1] ("Lincoln") file this Answer to Plaintiff's Complaint ("Complaint") and allege as follows:

1.     Lincoln admits that by this action, Plaintiff is seeking recovery of long-term disability benefits from the Wal-Mart Stores, Inc. Associates' Health and Welfare Benefit Plan (the "Plan") sponsored by Wal-Mart Stores, Inc. ("Walmart") to provide long term disability benefits to certain of its employees, but the denies that Plaintiff is entitled to any such relief or recovery. Lincoln admits that Plaintiff was, at certain times, employed by Walmart, and was, at certain times, a participant in the Plan. Lincoln admits that it issued Group Disability Income

---

[1]    The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) was the issuer of the relevant life insurance policy. However, Lincoln Life Assurance Company of Boston has now merged with The Lincoln National Life Insurance Company. Accordingly, the named defendants in this action are one-in-the-same and "The Lincoln National Life Insurance Company" is the correct Defendant in this action.

Policy Number GD/GF3-850-290765-01 (the "Policy") to Walmart and that, at certain times, the Policy insured benefits from the Plan under the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2.      Lincoln admits that it was, at certain times, the claims administrator of the Plan for claims under the Policy. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.      Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the Plan under the Policy was evaluated by Lincoln, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 3 of the Complaint.

4.      No response is required to Paragraph 4 of the Complaint, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against it whatsoever. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint

5.      Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act ("ERISA") and that venue is proper in this Court. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional

bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that by this action, Plaintiff is seeking recovery of long-term disability benefits from the Plan under the Policy, but the denies that Plaintiff is entitled to any such relief or recovery. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits Plaintiff submitted a claim for, and at certain times received, long term disability benefits from the Plan under the Policy. Lincoln admits it sent letters to Plaintiff dated May 5, 2020, and February 5, 2021; and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 9 of the Complaint.

10.     Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B).  Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process.  Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11.     Lincoln denies the allegations contained in Paragraph 11 of the Complaint.

12.     Lincoln denies the allegations contained in Paragraph 12 of the Complaint.

13.     Lincoln denies the allegations contained in Paragraph 13 of the Complaint.

14.     Lincoln denies the allegations contained in Paragraph 14 of the Complaint.

15.     Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 15 of the Complaint.

16.     Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B).  Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process.  Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

## FIRST CAUSE OF ACTION

17.     Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 16 of the Complaint as though fully set forth herein.

18.     Lincoln admits that Walmart sponsored the Plan to provide long term disability benefits to certain of its employees and that Plaintiff was, at certain times an employee of Walmart and was, at certain times, a participant in the Plan.  Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19.     Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the Plan under the Policy.  Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20.     To the extent that Paragraph 20 contains legal conclusions, Lincoln is not required to answer.  Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 20 of the Complaint.

21.     Lincoln denies the allegations contained in Paragraph 21 of the Complaint.

22.     Lincoln denies the allegations contained in Paragraph 22 of the Complaint.

23.     To the extent that Paragraph 23 contains legal conclusions, Lincoln is not required to answer.  Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 23 of the Complaint.

24.     Lincoln admits Plaintiff submitted a claim for, and at certain times received, long term disability benefits from the Plan under the Policy.  Lincoln admits it sent letters to Plaintiff dated May 5, 2020, and February 5, 2021, and Lincoln refers to the letters themselves as the best

evidence of their contents. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record upon which Plaintiff's claim for benefits from the Plan under the Policy was evaluated by Lincoln and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 24 of the Complaint.

25.    Lincoln denies the allegations contained in Paragraph 25 of the Complaint.

## SECOND CAUSE OF ACTION

26.    Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 26 of the Complaint as though fully set forth herein.

27.    To the extent that Paragraph 27 contains legal conclusions, Lincoln is not required to answer. Lincoln admits that by this action, Plaintiff is seeking recovery of long-term disability benefits, along with attorneys' fees and costs, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28.    Lincoln admits that it currently has sufficient resources that could be used to pay an award by the Court of reasonable attorney's fees and costs in this action. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29.    Lincoln denies the allegations contained in Paragraph 29 of the Complaint.

30.    Lincoln admits that by this action, Plaintiff is seeking recovery of long-term disability benefits, along with attorneys' fees and costs, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies that it violated any provision of ERISA with regard

to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph 30 of the Complaint.

31.    Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

In addition to the foregoing admissions and denials, Lincoln asserts the following affirmative defenses:

## FIRST DEFENSE

To the extent the Complaint seeks extra-contractual or "make whole" damages in addition to the benefits allegedly due and attorneys' fees and costs as provided by ERISA, no such relief is available to Plaintiff as a matter of law.

## SECOND DEFENSE

The Policy and plan document(s) at issue vested Lincoln with the sole discretion to make benefit and eligibility determinations under the Plan, and thus, the decision with regard to Plaintiff must be reviewed under the deferential arbitrary and capricious standard of review and Lincoln's determination relative to Plaintiff's claim was not an abuse of discretion and was not arbitrary, capricious, or unreasonable.

## THIRD DEFENSE

Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands, and/or failure to fulfill conditions precedent under the terms of the applicable plans because of Plaintiff's failure to submit all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with the provisions of the documents governing the Plan.

## FOURTH DEFENSE

Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

## FIFTH DEFENSE

Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

## SIXTH DEFENSE

Based on the appropriateness of the denial and the lack of any improper conduct by Lincoln, Lincoln requests that the Court order its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA.

## SEVENTH DEFENSE

This action is preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln denies any implication that it violated Plaintiff's rights under ERISA or any other statute, law, regulation, or common law, or that Plaintiff is entitled to any benefits other than what Plaintiff already may have received. Plaintiff's claims are barred because any purported or actual actions taken regarding Plaintiff were based according to the clear language of the governing ERISA plan documents.

## EIGHTH DEFENSE

To the extent Plaintiff alleges or seeks to allege state law claims, they are preempted by ERISA. Further, Plaintiff may not recover damages under state law in this action. Plaintiff's

remedies, if any, are limited to the exclusive remedies available under the civil enforcement provisions of ERISA.

## NINTH DEFENSE

At all times material to the Complaint, Lincoln acted in good faith and in compliance with the terms and conditions of the Plan and discharged its duties with respect to the Plan in the interest of the participants and beneficiaries.

## TENTH DEFENSE

A claimant's entitlement to future ERISA benefits under the terms of the Plan is subject to an ongoing requirement for continued proof of disability throughout the period of disability. Accordingly, Plaintiff cannot obtain a determination from this Court that he is entitled to indefinite future benefits. Plaintiff must continue to satisfy the terms of the Plan.

## TWELVTH DEFENSE

Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

## THIRTEENTH DEFENSE

Lincoln specifically reserves its rights under Rules 13, 14, and 15 of the Federal Rules of Civil Procedure, including the right to amend this Answer to the extent necessary, and to file any counterclaim or crossclaim as facts are investigated and developed.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 4th day of January 2022.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*

Iwana Rademaekers (Texas State Bar No. 16452560)
Admitted *Pro Hac Vice*
Email:  iwana@rademaekerslaw.com
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456

-AND-

**PHELPS DUNBAR, LLP**

*/s/ Lindsay Calhoun*

Christopher K. Ralston (Bar #26706)
Lindsay Calhoun (Bar #35070)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email:  ralstonc@phelps.com
Email:  lindsay.calhoun@phelps.com

**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2022, the above and foregoing Answer to Plaintiff's Complaint was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties.

/s/   *Iwana Rademaekers*
Iwana Rademaekers