## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**SABRINA WHITE**                                                    **CIVIL ACTION**

**VERSUS**

**LINCOLN LIFE ASSURANCE**                              **NO. 21-634-BAJ-SDJ**
**COMPANY OF BOSTON, ET AL**

### STATUS REPORT

**A.      JURISDICTION**

The Court has jurisdiction in that this case arises under the Employee Retirement Income

Security Act ("ERISA"), a federal statute.

**B.       BRIEF EXPLANATION OF THE CASE**

1.      Plaintiff claims:

The Plaintiff alleges that the Defendant erred in finding she was not disabled per

the terms of the policy. Plaintiff alleges disability due to spondylosis and lower

back pain, as well as other issues. Plaintiff was paid benefits for approximately two

years, whereupon benefits were terminated. Plaintiff alleges she is entitled to the

award of attorneys' fees, costs, and interest and provided for by ERISA.

2.      Defendant claims:

Because the benefit policy at issue vests Lincoln Life with discretionary authority

to determine eligibility for benefits, Lincoln Life submits that its benefit

determination relative to Plaintiff will be reviewed according to an arbitrary and

capricious standard of review.  Under that standard, Lincoln Life's decision can be reversed only if its decision was entirely irrational and disconnected from the evidence in the record.  Because Lincoln Life's decision in this matter is supported by evidence in the record, its decision must be affirmed and Plaintiff's case dismissed with prejudice.

**C.    PENDING MOTIONS**

 None at this time.

**D.    ISSUES**

Plaintiff:

The disputed issue is whether the Defendant erred in finding the Plaintiff no longer disabled under the terms of its policy. In addition, the Plaintiff alleges she is entitled to attorneys' fees as costs per ERISA.

Defendant:

The parties will attempt in good faith to agree on the contents of the administrative record. Accordingly, the primary dispute will be the proper standard of review and, depending on that standard, whether White was entitled to benefits from the Plan and under the relevant Policy, as well as whether White is entitled to any other remedies or penalties resulting from Defendant's administration of the Plan.

**E.    DAMAGES**

1.    Plaintiff's calculation of damages:

The Plaintiff is due 238 months of back and future benefits under Defendant's policy and the monthly benefit due is $600 per month. Therefore, the Plaintiff is seeking $142,800 in back and future benefits. Plaintiff will also seek interest on back benefits due at the time of judgment at the Louisiana judicial interest rate. Plaintiff will also seek all costs of court. Plaintiff will also seek attorneys' fees as provided by ERISA, which will be determined based upon the time spent on the case.

2.    Defendant's calculation of offset and/or Plaintiff's damages:

Lincoln Life does not make a claim for damages against Plaintiff other than attorneys fees under ERISA. However, Lincoln Life asserts that should the Court determine that Plaintiff is entitled to additional benefits under the policy, which is denied, it is entitled to offset against any such benefit award amounts received by Plaintiff from other income sources, including disability benefits from the Social Security Administration. Further, White may only recover past benefits under this action, along with reinstatement of benefits under the terms of the Plan.

**F.    SERVICE:**

Defendant has not challenged the sufficiency of service of process.

**G.    DISCOVERY**

1.    Initial Disclosures:

A.    Have the initial disclosures required under FRCP 26(a)(1) been completed?

[ ] YES    [ X] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the

3

scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

B.    Do any parties object to initial disclosures?

[ ] YES    [ X ] NO

For any party who answered *yes*, please explain your reasons for objecting.

2.    Briefly describe any discovery that has been completed or is in progress:

None. The Parties do not contemplate performing any discovery in this case, as this is an action on an administrative record.

3.    Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

None.

4.    Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered: The Parties agree this case will be decided based on the administrative record, and thus neither Party will seek to introduce any expert testimony beyond the medical opinion evidence contained in the administrative record.

## H.    PROPOSED SCHEDULING ORDER

1.    On or before **March 1, 2022**, Defendant shall file: (A) a complete copy of the employee benefit plan and summary plan description, and (B) a copy of the

4

complete administrative record concerning Plaintiff's claim for benefits. All documents must be numbered or bates stamped.

2.  On or before **April 1, 2022**, the parties shall file a (1) joint stipulation, or (2) a motion for summary judgment or other dispositive motion as to the following issues: **a.** whether the plan vests the administrator with discretionary authority to determine eligibility for benefits and/or construe and interpret the terms of the plan; and **b.** whether ERISA preempts all state law claims related to the employee benefit plan at issue.

3.  On or before **May 1, 2022**, Plaintiff shall file a statement regarding the completeness of the administrative record. If Plaintiff contends that the administrative record is incomplete in any way, Plaintiff shall describe the alleged omitted documents and shall set forth the basis for the contention that the documents were improperly omitted. If Plaintiff possesses the documents, copies shall be proffered to the Court along with such statement, subject to Defendant's right to object. Should Court resolution be required to resolve any dispute regarding the Administrative Record, an appropriate <u>motion</u> must be filed.

## I.    TRIAL

1.  Do the parties agree that this matter will be resolved on dispositive motions without the necessity of a trial?

[ X ] YES [ ] NO

2.  If yes, proposed deadline to file motions for summary judgment based on the administrative record:

    **September 1, 2022**

## J.    OTHER MATTERS

5

Are there any specific problems the parties wish to address at the scheduling conference?

[ ] YES    [X ] NO

i.    If the answer is *yes*, please explain:

ii.    If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[ X ] YES [ ] NO

**K.    SETTLEMENT**

1.    Please set forth what efforts, if any, the parties have made to settle this case to date.

None at this time.

2.    Do the parties wish to have a settlement conference:

[ X ] YES [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

Prior to the due date for dispositive motions.

**L.**     **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judgeand may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and presideover a jury or bench trial, with appeal lying to the United States Court of Appeals for theFifth Circuit.

All. parties agree to jurisdiction by a Magistrate Judge of this court:

[  ]  YES       [ X ] NO

RESPECTFULLY SUBMITTED:

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas Bar No. 16452560)
Admitted *Pro Hac Vice*
Email:  iwana@rademaekerslaw.com
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456

-AND-

**PHELPS DUNBAR, LLP**

*/s/ Lindsay Calhoun*
Christopher K. Ralston (Bar #26706)
Lindsay Calhoun (Bar #35070)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, LA 70130
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: ralstonc@phelps.com
Email: lindsay.calhoun@phelps.com

**COUNSEL FOR DEFENDANT**

7

Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin

DAVID C. PELLEGRIN, (#34957)
 3500 North Hullen Street
Suite 17D
Metairie, LA 70002
email: dpellegrin@pellegrinfirm.com
phone: 504-405-3245
fax: 1-866-651-8738

**COUNSEL FOR PLAINTIFF**

8