Lincoln Life Assurance Company of Boston
Disability and Life Claims
PO Box 2578
Omaha, NE 68172-9688

MS. SABRINA WHITE

<table>
<tr><td>EXHIBIT<br><br>2</td></tr>
</table>

Lincoln/White 0095



Lincoln Life Assurance Company of Boston
Disability and Life Claims
PO Box 2578
Omaha, NE 68172-9688
Phone No.: (888) 437-7611
Secure Fax No.: (603) 334-5703

February 5, 2021

Ms. Sabrina L. White

RE:     Long Term Disability (LTD) Benefits
        Walmart, Inc.
        Claim #: 7830485

Dear Ms. Sabrina White:

We have completed our review of your appeal request of your Term Disability ("LTD") benefits under the Wal-Mart Stores, Inc. Associates' Health and Welfare claim for LTD Benefits and are unable to alter our original decision to deny benefits beyond February 13, 2020.

**Claim and Initial Decision**

You filed a claim for low back pain and osteoarthritis of your knees, ankles, and feet with a date of disability of August 9, 2017, you satisfied the Elimination Period for long-term disability benefits on February 14, 2018.  Therefore, on February 14, 2020, you experienced the change in definition of disability, from the ability to perform the material and substantial duties of your own occupation to the ability to perform *any other occupation* for which you are qualified.

The medical information contained in your file includes, but not limited to, office treatment notes, medications, progress notes, physical therapy notes, and diagnostic test results from Ochsner Health Center and Drs. Thomas, Derbigny, Browning, Nwokolo-Evuleocha, Verma, Hubbard, and Moukarzel, as well as Andrea Cothern, NP, Blakeney McKnight, PA-C, Lindsay Brunson, PA-C, Todd Bossier, NP, and Ketherine Guillory, PA-C.  Based on the medical information contained in your file, we conducted our claim investigation.

During our claim investigation, we reviewed your file.  This review, which included a physician peer review, board certified in Physical Medicine and Rehabilitation, concluded your functional capacity (no squatting, climbing, crouching, or crawling) are less than the material and substantial duties of your occupation; therefore, your claim was approved.

As part of our ongoing claim investigation, we requested and received updated medical records.  We reviewed the information submitted, which concluded, in order to better appreciate your condition; we should refer your file for an additional physician peer review.

1  of  11

Lincoln/White 0096

Therefore, we referred your file to James Hill, M.D., MPH, board certified in Physical Medicine and Rehabilitation and Occupational Medicine, for review.  Following the review of your file, Dr. Hill concluded:

> *From 03/2019 to present, the medical records support that claimant was unable to perform the physical essential job functions of her own occupation due to worsening knee pain that would limit time spent standing/walking and limiting crouching/squatting/ladders/climbing.*

> *From 03/2019 to present, the medical records support that the claimant was able to perform full-time sedentary work with the following restrictions: no crouching/squatting/ladders/climbing. While there is evidence of mild carpal tunnel syndrome, there is no mention of impairment that would affect material handling/typing/computer/mousing while seated. Claimant would benefit from minimizing time spent standing and walking (i.e., primarily seated work).*

> *From 2/14/20 – forward, the medical records suggest that the claimant will be unable to perform physical essential job functions beyond sedentary work with the following restrictions: no crouching/squatting/ladders/climbing. While there is evidence of mild carpal tunnel syndrome, there is no mention of impairment that would affect material handling/typing/computer/mousing while seated. Claimant would benefit from minimizing time spent standing and walking (i.e., primarily seated work) Note: Given claimant's relatively young age, weight and lack of severe joint space narrowing on knee x-rays, it is unlikely that she will be offered a total knee replacement at this time.*

> *After successful knee replacement, claimant may be able to return to standing/walking up to 1/3 of the work day. Without knee replacement, the above R/Ls are likely permanent. Rationale: Based on imaging and electrodiagnostic studies, claimant has mild spondylosis of lumbar spine without loss of disc height (x-rays 2018), mild spondylosis of cervical spine with mild loss of disc height at C5-6 (x-rays 2017), mild carpal tunnel syndrome bilaterally (NCS/EMG 2018), mild (tricompartmental arthritis without mention of joint space narrowing) bilateral knee osteoarthritis and bilateral foot pain with a remote history of right foot surgery.*

> *Using the most recent Physical Medicine & Rehabilitation note from Dec 2019, claimant reports knee pain exacerbated by prolonged standing, ambulation and improved by rest and low back pain that is worse with prolonged standing, ambulation, and improved by rest. Claimant has tried Synvisc injections (unknown if all injections were completed) and genicular nerve blocks in December 2019 with 60% reduction in pain.*

Dr. Hill noted there are no current side effects to any medications, and you have the capacity to perform your duties on a sustained basis within the restrictions and limitations. Therefore, we continued your long-term disability benefits through the "own occupation" period.

Lincoln/White 0097

**Vocational Review**

Your file was reviewed by a vocational consultant to identify alternative occupations for which you are qualified.  This vocational assessment considers your transferable skills compared with your limitations.  The results of this report indicate you have acquired, based on your education, training, and work history, the following transferable skills:

**Skills & Abilities:**

- **Persuasion** — Persuading others to change their minds or behavior,
- **Active Listening** — Giving full attention to what other people are saying, taking time to understand the points being made, asking questions as appropriate, and not interrupting at inappropriate times,
- **Service Orientation** — Actively looking for ways to help people,
- **Speaking** — Talking to others to convey information effectively,
- **Negotiation** — Bringing others together and trying to reconcile differences,
- **Social Perceptiveness** — Being aware of others' reactions and understanding why they react as they do,
- **Critical Thinking** — Using logic and reasoning to identify the strengths and weaknesses of alternative solutions, conclusions or approaches to problems,
- **Active Learning** — Understanding the implications of new information for both current and future problem-solving and decision-making,
- **Coordination** — Adjusting actions in relation to others' actions.

These skills would allow you to perform the following, but not limited to, vocational alternatives:

1. Receptionist
2. Information Clerk
3. Check Cashier

Based on the totality of the medical information contained in your file and the clinical and vocational reviews, the information does not support restrictions and limitations rendering you unable to perform the duties of any occupation.  Therefore, your claim was closed. The basis for our denial was outlined in our letter of May 5, 2020.  At that time, you were given the opportunity to provide additional medical and/or vocational documentation, which you felt, would support your claim.  Specifically, we asked for copies of office treatment notes, diagnostic test results, lab results, physical therapy notes, procedure notes, consultations, pharmacy records, and specific restrictions and limitations from all your treating providers.

**Appeal Evaluation**

We received your appeal request on July 7, 2020, along with the information about your upcoming visits.  We received the additional information about other appointments on July 14, 2020.  As stated in our letter of August 8, 2020, we confirmed this information was received and your file is in the appeal unit for review.

3  of  11

Lincoln/White 0098

We reviewed the information submitted and concluded we should refer your file for another physician peer review.  Therefore, we referred your file to Jordan Klein, M.D., board certified in Physical Medicine and Rehabilitation, for review.  Following the review of your file, Dr. Klein concluded:

> *In conclusion, the claimant has a long-standing history of low back pain and bilateral knee pain due to lumbar spondylosis and bilateral knee osteoarthritis; she also reports ankle pain and x-ray study reveals post-surgical changes at the right foot; however, the medical records do not include detailed information about the surgery. Also, the medical records are mostly from 2017, 2018, and 2019; there are after visit summaries from 2020; however, these records do not include any information about the claimant's current physical situation. Based on the reviewed medical records, the claimant suffers from persistent pain symptoms involving her low back, bilateral knees, feet, and ankles; therefore, restrictions and limitations are medically indicated. Additionally, while there is evidence of mild carpal tunnel syndrome, there is no mention of impairment that would affect the claimant's performing fine manipulation, simple and firm grasping.*

> - *Walking: up to 20 minutes at a time for a total of 2 hours per day,*
> - *Standing: up to 20 minutes at a time for a total of 2 hours per day,*
> - *Sitting: up to 30 minutes at a time for a total of 6 hours per day,*
> - *Lifting/carrying/pushing/pulling: occasionally up to 10 lbs. BUE,*
> - *Climbing stairs, Bending, Twisting, Stooping, and Bending: occasionally,*
> - *Climbing ladders, Kneeling, Crouching, and Crawling: never,*
> - *Reaching: occasionally overhead and below waist, unrestricted desk and waist level BUE,*
> - *Use lower extremities for foot controls: occasionally BLE,*
> - *Fine manipulation and Simple and firm grasping: unrestricted*

> *The listed R&L's apply for the time period between 2/13/20 and 12/13/20. The claimant is able to sustain occupational functioning on a full-time basis with the listed R&L's above.*

Dr. Klein was unable to speak with Dr. Hubbard; therefore, he sent a letter to Dr. Hubbard, which summarized his opinions about restrictions and limitations.  Dr. Klein asked Dr. Hubbard to review the letter, sign, and return a copy.  Dr. Hubbard was invited to make any corrections and/or include any additional clinical information deemed appropriate.

Dr. Klein noted there are no current side effects to any medications, and you have the capacity to perform your duties on a sustained basis within the restrictions and limitations.

As outlined in our letter of September 9, 2020, we sent you a copy of the clinical review performed during our appeal review.  We asked you to review the report and provide a response, along with any other information, to be submitted by October 9, 2020.  On October 22, 2020, we received your email that stated Dr. Klein's report should also be reviewed by Dr. Moukarzel.  Therefore, on October 22, 2020, we faxed a copy of Dr. Klein's report to Dr. Moukarzel and asked for him to respond by November 20, 2020.

4  of  11

Lincoln/White 0099

On October 30, 2020, we received updated office notes from Dr. Moukarzel and Lindsay Brunson, PA-C. We forwarded this information to Dr. Klein for review. Following the review, Dr. Klein reviewed the records and provided the following addendum:

*The additional medical records include two after visit summaries from Dr. Moukarzel, MD and PA-C. Lindsay B. Brunson. On 10/22/20, Dr. Moukarzel noted that the following issues were addressed: s/p right knee arthroscopy, s/p left knee arthroscopy, acute medial meniscus tear of right knee, acute medial meniscus tear of left knee, chondromalacia left knee, chondromalacia right knee, tear of right acetabular labrum. Dr. Moukarzel noted that the claimant has right hip pain in the groin on exam highly suspicious of labral tear, x-ray showing very mild arthritic change, but joint space is very well maintained. The claimant is to continue with a cane as needed and continue exercising the knees. On 10/29/20, the claimant was seen by PA-C. Lindsay B. Brunson, PA-C for lumbar spondylosis and lumbar facet joint pain. The claimant underwent bilateral L3-5 MBB for lumbar spondylosis. Also, the claimant noted that Dr. Hubbard did surgery on both hands and Dr. Moukarel did procedure on both knees; however, the additional medical records does not reveal any clear evidence/information of these procedures; therefore, the additional records do not change my previously opinion stated in my peer review.*

On November 9, 2020, we received additional information from Dr. Hubbard and Dr. Moukarzel. This information was forwarded to Dr. Klein for another review. Following the review, Dr. Klein reviewed the records and provided the following addendum:

*The additional records show that on 7/7/20, Dr. Hubbard noted that the claimant is with numbness in median nerve distribution in both hands for the last several years. She had nerve conduction studies done on 9/5/18 confirming bilateral carpal tunnel syndrome right greater than left. She also has a right trigger thumb and a right thumb ulnar collateral ligament tear metacarpophalangeal joint grade 3 that is symptomatic. Right hand/wrist exam shows pain of the thumb MCP, pain of the flexor/pronator group; she is tender to palpation of the palmer area; Phalen's sign is positive; Tinel's sign is positive and carpal tunnel compression is positive; the right thumb is active triggering noted with a palpable nodule that moves with tendon excursion. Left hand/wrist exam shows pain of the flexor/pronator group, Phalen's sign is positive, Tinel's sign is positive and carpal tunnel compression test is positive. An x-ray study of the bilateral knees dated 7/16/20 revealed small degenerative tricompartmental marginal osteophytes are present bilaterally with otherwise well-maintained joint spaces. On 7/16/20, Dr. Moukarzel noted that the claimant has been having bilateral knee pain, right knee worse than left for several years now. She had MRI of the left knee couple years ago that showed short radial tear and chondromalacia of the patella and medial tibial joint. The right knee gives out, she cannot stand from a sitting position without too much difficulty. Bilateral knee exam shows positive McMurray sign medially, she has severe pain to compression on the patella anteriorly with severe crepitus; she has medial joint tenderness slight lateral joint tenderness. X-rays of both knees from 2019 showed patellofemoral changes with a small osteophytic changes and mild medial joint changes with slight varus deformity consistent mild-to-moderate arthritis. On 7/20/20, the claimant underwent right carpal tunnel release, trigger thumb, collateral ligament of thumb, ulnar cyst removal. An x-ray study of the right hip dated 8/10/20 revealed that the bony pelvis is intact, the*

Lincoln/White 0100

*right femoral head is well-seated within the acetabulum, no significant joint space narrowing, no acute fracture or dislocation. On 8/10/20, Dr. Moukarzel saw the claimant for bilateral knee pain. On exam, there is severe Tinel sign at the right hand and Phalen's test; decreased sensation in 1st 3 digits; right shoulder flexion 120 abduction, 90 mild impingement sign; there is slight abduction and internal rotation external rotation of the hip with slight discomfort in the right groin; bilateral knees show positive McMurray sign medially; there is severe pain to compression on the patella anteriorly with severe crepitus, medial joint tenderness slight lateral joint tenderness. MRI of the right knee dated 8/3/20 revealed lateral patella subluxation and chondromalacia and edema of the fat pad resulting in compression friction syndrome consistent with synovial hypertrophy; the medial lateral femoral at tibial articular cartilage appears well-preserved has chondromalacia type 4 of the patella knee. MRI of the left knee dated 8/3/20 revealed medial meniscus tear; reactive medial periscapular edema; there is also intra substance degenerative signal in the medial meniscus; small Baker cyst; lateral patella subluxation with adjacent lateral infrapatellar fat pad edema, she is resting lateral patella compression friction syndrome with grade 4 chondromalacia, consistent with possible to hypertrophic synovitis/impingement. On 9/14/20, the claimant underwent left carpal tunnel release, left trigger finger release. On 9/29/20, Dr. Hubbard noted that the claimant seems to be doing well after the surgery. She has a well-healed surgical scar volar left wrist and left volar thumb. On 10/22/20, Dr. Moukarzel saw the claimant for right hip pain. She had bilateral knee arthroscopy with partial medial meniscectomies with findings of chondromalacia on 9/23/20 and doing really well with that. She has slight anterior tenderness on the left and slight medial tenderness on the right. On exam, left hip full motion without pain in the groin without pain to palpation over the greater trochanter; right hip with the hip flexed at 90 degrees neutral adduction internal external rotation without pain in the groin; abduction to 60 degrees at hip flexion of 90 degrees internal rotation recreate is severe in the groin. There is no swelling in knees; she has full flexion and full extension collaterals and cruciates are stable. She has slight discomfort over the medial side on the right; slight discomfort anteriorly underneath the patella the left. On 10/29/20, PA-C. Lindsay B. Brunson noted that the claimant has had bilateral knee arthroscopy with Dr. Moukarzel and is seen for hip pain. She also complains of back pain. On exam, she has pain on extension; lumbar facet loading is present bilaterally; tenderness to palpation over the lumbar facet joints bilaterally at L5-S1; tenderness to palpation over the lumbar paraspinals and over the SI joints bilaterally. On 11/9/20, Dr. Moukarzel saw the claimant for low back pain with burning going down both legs to the feet. Her right hip was hurting. She complains of both knees hurting in front of points over the anterior patella area. She did have bilateral knee arthroscopies 9/23/20 with findings of medial meniscus stairs and chondromalacia anterior and medial. She is using a cane to get around. On exam, lumbar spine is with tenderness from L4-5 paraspinal; left hip full motion without pain in the groin without pain to palpation over the greater trochanter; right hip with the hip flexed at 90 degrees neutral adduction internal external rotation without pain in the groin; abduction to 60 degrees at hip flexion of 90 degrees internal rotation recreate pain in the groin. She has full extension collaterals in knees. She has pain and tenderness to compression on the patella bilaterally with flexion and extension with crepitus feeling. MRI of the right hip revealed CAM type femoroacetabular impingement of the right hip. On 11/9/20, the claimant underwent right knee injection and on 11/6/20, the claimant underwent left knee injection. In*

Lincoln/White 0101

*conclusion, the claimant is s/p bilateral knee arthroscopies on 9/23/20, and also, she was diagnosed with bilateral carpal tunnel syndrome with s/p right CRT, trigger thumb, collateral ligament of thumb, ulnar cyst removal on 7/20/20, and also left carpal tunnel release and left trigger thumb release on 9/14/20; currently, she remains with chronic pain in her right hip and also pain in her bilateral knees due to degenerative joint disease; therefore, considering the claimant's extensive and persistent symptomatology specifically chronic pain symptoms involving bilateral hands/wrists, right hip, and bilateral knees along with along with imaging and extensive surgical history warrant activity restrictions outlined below. It is important to note, the claimant for the time- period in question, had a surgical intervention, specifically bilateral knee arthroscopies on 9/23/20 and requires total restrictive period following the procedure for recovery purposes.*

*Total restriction w/ no residual capacity: 9/23/20- 11/23/20.*

*From 2/13/20 to 9/22/20 and from 11/24/20 and beyond with re-assessment on or around 6/1/21:*

- *Walking: up to 20 minutes at a time for a total of 2 hours per day,*
- *Standing: up to 20 minutes at a time for a total of 2 hours per day,*
- *Sitting: up to 30 minutes at a time for a total of 6 hours per day,*
- *Lifting/carrying/pushing/pulling: occasionally up to 10 lbs. BUE,*
- *Climbing stairs, Bending, Twisting, and Stooping: occasionally,*
- *Climbing ladders, Kneeling, Crouching, and Crawling: never,*
- *Reaching: occasionally overhead and below waist, unrestricted desk and waist level BUE,*
- *Use lower extremities for foot controls: occasionally BLE,*
- *Fine manipulation: occasionally BUE,*
- *Simple and firm grasping: occasionally BUE*

## Vocational Review

Your file was reviewed by another vocational consultant to identify alternative occupations for which you are qualified.  This vocational assessment considers your transferable skills compared with your limitations.  The results of this report indicate you have acquired, based on your education, training, and work history, the following transferable skills:

### Information Clerk & Hotel Clerk
Speaking distinctly and listening carefully to communicate with various kinds of people; applying judgment and specialty knowledge to give oral information to people; changing tasks or activities frequently; using eyes, hands, and fingers to operate switch-boards or instrument keyboards; and being tactful and courteous when receiving callers or interviewing people.

### Gate Guard
Learning and knowing laws, safety rules, and procedures; recognizing violations and signs of danger; using reason and judgment to deal with people in different kinds of situations; thinking clearly, staying calm, and reacting quickly in emergencies; using

Lincoln/White 0102

weapons and safety equipment skillfully; keeping physically fit; and making on-the-spot decision.

**Supervisor, Janitorial Services**
Using hands to carry and pull objects of varying weights; performing routine work repeatedly; following simple instructions; working outside; using an assortment of tools and equipment to shovel materials, clean work areas, and oil machinery; working under hazardous conditions; and being in good physical condition.

**Phlebotomist**
Knowledge and use of scientific and technical language and symbols; coordinated movement of hands, eyes, and fingers to use delicate and sensitive equipment, determining and measuring precise differences in shape, color, and texture of things and substances, following technical instructions; and using verifiable and measurable information to make decision or judgments.

**Salesperson, Automobiles**
Using basic math skills to total costs, make change, and compute percentages; keeping records of sales, customers contacted, and expenses incurred; demonstrating and selling products; completing sales forms and time payment contracts; talking easily and persuasively to people; and being physically active and alert.

These skills would allow you to perform the following vocational alternative:

1. Surveillance System Monitor
2. Information Clerk

## Conclusion

We conducted a thorough and independent review of your entire claim.  In summary, we acknowledge that you have continued to experience symptoms associated with your conditions.  However, the information does not contain exam findings, diagnostic test results, or other forms of medical evidence substantiating that your symptoms were of such severity, frequency, and duration that they resulted in restrictions and limitations rendering you unable to perform the duties of any occupation.

Having carefully considered all the information submitted in support of your claim, our position remains that proof of your disability in accordance with the Walmart, Inc. policy provisions has not been provided and our original determination to deny benefits beyond February 13, 2020, is there upheld.

This claim determination reflects an evaluation of the claim facts and policy provisions.

Lincoln/White 0103

**The Policy**

The Walmart, Inc. Long Term Disability policy, under which you are covered, states:

> ***"Disability"*** *or* ***"Disabled"*** *means:*
>
> *1.  For persons other than pilots, co-pilots, and crewmembers of an aircraft:*
>
> > *i.    that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*
> >
> > *ii.   thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*
>
> ***"Material and Substantial Duties",*** *means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.*
>
> ***"Own Occupation"*** *means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is performed at Wal-Mart Stores, Inc .*
>
> ***"Any Occupation"*** *means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, you were entitled to appeal the decision made by Lincoln Life Assurance Company of Boston, a Lincoln Financial Group company (Lincoln), and to submit any additional information you wished to be considered as part of the appeal.  Lincoln has conducted a full and fair review of your appeal and accompanying materials and has concluded that the denial of benefits will be maintained.

At this time, your administrative right to review has been exhausted; no further review will be conducted by Lincoln and your claim will remain closed.  You may request to receive, free of charge, copies of all documents relevant to your claim.  You have the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

The Walmart, Inc. Group Disability Income Policy contains the below provision:

> *Legal Proceedings*
>
> *A claimant or the claimant's authorized representative cannot start any legal action:*
>
> *1. until 60 days after proof of claim has been given; nor*
> *2. more than three years after the time proof of claim is required.*

Lincoln/White 0104

Your policy may be subject to ERISA, you may have other voluntary alternative dispute resolution options, such as mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor Office or your state insurance regulatory agency.  In addition, once all required reviews of your claim have been completed, you have the right to bring a civil action under applicable law.  Your employer's policy has a contractual limitations period of 3 year(s), which means that a lawsuit must be brought within 3 year(s) after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is March 3, 2024.

This information is provided for purposes of this claim only, as the time proof of claim is required may differ based on claim specifics and applicable policy language.

Nothing in this letter should be construed as a waiver of any Lincoln rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Lincoln are based on the provisions outlined in Walmart, Inc. Policy.  These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities.  No internal rules, guidelines, protocols, standard or other similar criteria were relied upon in rendering the claim determination.

If you require language translation assistance, please contact Lincoln to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shiká a'doowol nínízingo saad hosínílį' dóó ná'ookąąh níní'ąągo naaltsoos níníłtsoozigíí hazho'ó bik'idi'deeshtįįl nínízingo doo bąąh ílínígóó niká a'doowol éi biniiyé shił hodiilnih áko ákwe'égí niká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

Lincoln/White 0105

If you have any questions regarding this matter, please contact me.

Sincerely,

Charles Johnson
Appeals Consultant
Phone No.: (888) 437-7611 Ext. 16398
Secure Fax No.: (603) 334-5703

11 of 11

Lincoln/White 0106