# Davila v. Wells Fargo Bank, N.A.

United States District Court for the Western District of Texas, San Antonio Division

July 11, 2022, Decided; July 11, 2022, Filed

Case No. SA-22-CV-00297-JKP

**Reporter**

2022 U.S. Dist. LEXIS 121485 *; 2022 WL 2663483

LAURA LEE DAVILA, Plaintiff, v. WELLS FARGO BANK, N.A., JUAN FERNANDEZ, Defendants.

**Prior History:** Davila v. Wells Fargo Bank, N.A., 2022 U.S. Dist. LEXIS 111138 (W.D. Tex., June 23, 2022)

**Counsel:** [*1] For Laura Lee Davila, Plaintiff: Albert William Van Cleave, III, LEAD ATTORNEY, Attorney at Law, San Antonio, TX; Gregory T. Van Cleave, LEAD ATTORNEY, The Law Office of Albert W. Van Cleave, San Antonio, TX.

For Wells Fargo Bank, N.A., Defendant: Arthur E. Anthony, Robert T. Mowrey, LEAD ATTORNEYS, Camille Denise Griffith, Locke Lord LLP, Dallas, TX.

**Judges:** JASON PULLIAM, UNITED STATES DISTRICT JUDGE.

**Opinion by:** JASON PULLIAM

## Opinion

### ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Magistrate Judge Elizabeth S. Chestney's Report and Recommendation in which she recommends this case be dismissed for want of prosecution. *ECF No. 12*. No party filed any objection to the Magistrate Judge's Report and Recommendation, and the time for doing so expired. For the following reasons, the Court **ACCEPTS and ADOPTS** Magistrate Judge Chestney's Report and Recommendation. This case is **DISMISSED WITHOUT PREJUDICE FOR WANT OF PROSECUTION**.

**Factual Background**

Plaintiff Laura Lee Davila sues Wells Fargo Bank, N.A. and Juan Fernandez (Wells Fargo) alleging breach of contract and seeking declaratory judgment and injunctive relief to preclude Wells Fargo's foreclosure sale of her property. [*2] Davila proceeds in this matter with counsel, Albert Van Cleave and Gregory Van Cleave. Magistrate Judge Chestney set the case for an initial pretrial conference and ordered the parties to meet and confer and submit their proposed scheduling recommendations and Rule 26(f) Report. Davila's counsel were notified of this Order through the Court's electronic filing system.

Wells Fargo submitted these filings but indicated it was unsuccessful in reaching Davila's counsel to confer on proposed deadlines and other initial matters. The Court held its pretrial conference on June 7, 2022, as ordered. Only Wells Fargo appeared at the conference. Neither Davila nor her counsel appeared. Neither Albert Van Cleave nor Gregory Van Cleave contacted the Court to explain their absence from a court-ordered proceeding.

After Davila and her counsel failed to appear at the initial pretrial conference, the Court issued a Show Cause Order, ordering Davila to show cause for her absence at the conference and her failure to file the ordered pre-conference documents. Magistrate

Judge Chestney required Davila to file an advisory by June 21, 2022. The Order also warned Davila that failure to respond to the order could result [*3] in the dismissal of her lawsuit for want of prosecution. Davila's counsel were notified of this Order through the Court's electronic filing system and by mail. Davila failed to respond to the Show Cause Order.

Magistrate Judge Chestney issued a Report and Recommendation recommending this case be dismissed without prejudice for want of prosecution based upon Davila's failure to comply with the Show Cause Order. In her Report and Recommendation, Magistrate Judge Chestney provided instructions for service and notified all parties of their right to object. The notice informed the parties that any objection must be specific, written, and filed within fourteen days. It further warned that a failure to object "shall bar the party from a *de novo* determination by the district court." No party filed any objection to the Report and Recommendation, and the time for doing so expired. Davila and her counsel were notified of the Report and Recommendation through the Court's electronic filing system and by mail.

## Legal Standard

Any party who seeks review of all or a portion of a Magistrate Judge's Report and Recommendation must serve and file specific written objections within fourteen days after being [*4] served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). If a party does not timely object to all or a portion of a Magistrate Judge's Report and Recommendation, the District Court will review the unobjected-to proposed findings and recommendations to determine whether they are clearly erroneous or contrary to law. *Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864 (W.D. Tex. 2016)(citing *U.S. v. Wilson, 864 F.2d 1219, 1221 (5th Cir.)*(per curiam), *cert. denied*, 492 U.S.

918 (1989).[1]

Consistent with § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2), the Court reviews Magistrate Judge Chestney's Report and Recommendation.

## Discussion

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988)* (per curiam); Fed. R. Civ. P. 41(b).

Davila's failure to comply with Magistrate Judge Chestney's Court's Show Cause Order and her complete inaction in this case indicate she does not intend to prosecute this case. Consequently, Magistrate Judge Chestney's Recommendation is not clearly erroneous or contrary to law. The case shall be dismissed for want of prosecution pursuant to Federal Rule 41(b).

## Conclusion

Having reviewed the Report and Recommendation for clear error on the face of the record, this Court finds no such error. Accordingly, the Court **ACCEPTS** Magistrate Judge Elizabeth S. Chestney's findings and recommendation and **ADOPTS** the Report and Recommendation. As recommended, the Court **DISMISSES** this [*5] action without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). The Clerk of

---

[1] While Federal Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn, 474 U.S. 140, 150-53, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985)*; *United States v. Wilson, 864 F.2d at 1221*.

Court shall enter an appropriate Clerk's judgment.

It is so ORDERED.

SIGNED this 11th day of July, 2022.

/s/ Jason Pulliam

JASON PULLIAM

UNITED STATES DISTRICT JUDGE

---

**End of Document**