**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SABRINA WHITE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-634-JWD-SDJ** |
| **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, et al.** | |

**NOTICE**

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report and Recommendation. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 15, 2023.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SABRINA WHITE                                                        CIVIL ACTION

VERSUS                                                               NO. 21-634-JWD-SDJ

LINCOLN LIFE ASSURANCE
COMPANY OF BOSTON, et al.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint Without Prejudice for Failure to Prosecute (R. Doc. 25), filed on June 26, 2023. Plaintiff has not filed a response to this Motion, and the deadline for doing so has long since passed.

Plaintiff Sabrina White filed this cause of action on November 3, 2021. (R. Doc. 1). Plaintiff, who is appearing *pro se* after her counsel withdrew from the litigation,[1] brought this action against Defendants Lincoln Life Assurance Company of Boston and Lincoln National Life Insurance Company under ERISA.[2]

In a Motion filed July 29, 2022, Plaintiff's counsel sought a continuance of certain deadlines as well as of the settlement conference then set for August 9, 2022.[3] According to counsel, he "has been unable to reach the Plaintiff to discuss the case by phone, email, or certified mail" and that "[t]he phone number has been disconnected and the certified letter [] returned with a notation the home is vacant."[4] On August 1, 2022, the Court issued an Order granting the Motion and resetting certain deadlines, including the deadline for Plaintiff to file her Opening Brief on the

---

[1] *See* R. Docs. 18, 19.
[2] Employee Retirement Income Security Act of 1974.
[3] R. Doc. 16.
[4] *Id.* at 1.

Merits, making it due March 1, 2023.[5]  Shortly thereafter, on October 11, 2022, Plaintiff's counsel

filed a motion to withdraw from the litigation.[6]  After granting counsel's Motion to Withdraw, the

Court set a Status Conference for November 9, 2022 "to ensure that Plaintiff is aware of her

obligations as a pro se litigant, as well as the upcoming deadlines in this litigation."[7]  The Court

also instructed the Clerk of Court to mail a copy of the Order to Plaintiff at her address in the

record.[8]  Plaintiff failed to appear for the Status Conference.[9]

Following Plaintiff's failure to attend the Status Conference, the Court issued a Show

Cause Order to Plaintiff, setting a February 1, 2023 deadline for Plaintiff to respond.[10]  The Show

Cause Order mandated a response by Plaintiff and clearly stated that "[f]ailure to comply with this

Order will result in a recommendation that Plaintiff's Complaint be dismissed, with or without

further notice."[11]  It also notified Plaintiff that she likewise is "warned that failure to comply with

the Scheduling Order's March 1, 2023 deadline to file her Opening Brief … will also result in a

recommendation that her Complaint be dismissed, with or without further notice."[12]

To date, Plaintiff has provided no response to the Show Cause Order, in writing or

otherwise.  Plaintiff also has never filed an Opening Brief on the Merits.  The deadlines for doing

both have long passed.  Put simply, Plaintiff has taken no action to further this litigation.  The

Court has heard nothing from Plaintiff since her counsel withdrew, more than a year ago, and this

litigation has remained stagnant since then due to Plaintiff's inaction and failure to comply with

Court Orders.

---

[5] R. Doc. 17.
[6] R. Doc. 18.
[7] R. Doc. 20 at 1.
[8] *Id.*
[9] R. Doc. 21.
[10] R. Doc. 22.
[11] *Id.* at 2 (emphasis omitted).
[12] *Id.* (emphasis omitted).

Federal Rule of Civil Procedure 41(b) allows the Court to dismiss any cause of action for the plaintiff's failure to prosecute. As Plaintiff has failed to take any action to further this case in over a year—or even communicate with the Court in some way during that time—and has failed to comply with multiple, direct Court Orders, the Court finds that the case should be dismissed pursuant to Rule 41(b).

Accordingly,

**IT IS RECOMMEDED** that Defendants' Motion to Dismiss Plaintiff's Complaint Without Prejudice for Failure to Prosecute (R. Doc. 25) be **GRANTED** and that Plaintiff's cause of action be **DISMISSED without prejudice** for failure to prosecute under Federal Rule of Civil Procedure 41(b). The **14-day objection period** that follows this Report and Recommendation serves as **notice** to Plaintiff that this cause of action is subject to **dismissal** for Plaintiff's inaction.

Signed in Baton Rouge, Louisiana, on November 15, 2023.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**